■ DENNIS JONES, Respondent, v ELAINE JONES, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated October 23, 1985, the defendant wife appeals from (1) an order of the Supreme Court, Westchester

County (Gurahian, J.), entered December 3, 1986, which denied her motion seeking, *inter alia*, upward modification of the maintenance provisions of the parties' judgment of divorce for failure to state a basis for relief; and (2) an order of the same court (Gurahian, J.) entered May 12, 1987, which denied her motion seeking, *inter alia*, to vacate the maintenance provisions of the parties' stipulation of settlement, for failure to state a basis for relief.

Ordered that the orders are affirmed, with one bill of costs.

In the first instance, we find that the defendant wife's application for upward modification of the maintenance provisions of the judgment of divorce was properly denied as she failed to set forth sufficient factual allegations of changed circumstances to warrant a hearing on her application. In fact, we note that the very day upon which the defendant made her application for upward modification in the Supreme Court, Westchester County, the Family Court, Westchester County, denied, after a full hearing, the defendant's similar application for upward modification on the basis that there was no showing of changed circumstances. Moreover, to the extent that the defendant's application was predicated on claims of fraud and misrepresentation on the part of the plaintiff at the time the parties' stipulation of settlement was executed, it was properly denied. These claims of fraud had previously been fully explored in a hearing on the defendant's motion to vacate the judgment of divorce entered upon the parties' stipulation, and ultimately found to be without merit by the Supreme Court (Gurahian, J.) only five months prior to the application.

Secondly, the defendant's subsequent application, *inter alia,* to vacate the maintenance provisions of the parties' stipulation of settlement, which was incorporated into but not merged with the judgment of divorce, and to increase her maintenance award, was properly denied for the same reasons outlined above. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.